Danny Burton WILKINS, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 21930.

United States Court of Appeals
Fifth Circuit.

Oct. 11, 1965.

Donald C. Lehman, William J. Hamilton, Asst. U. S. Attys., Jacksonville, Fla., for appellee.

Before TUTTLE, Chief Judge, THORNBERRY, Circuit Judge, and CARSWELL, District Judge.

PER CURIAM.

Appellant's contention that his judgment of commitment should be voided due to lack of clarity as to when his sentence begins and where it is to be served is without merit.

Here, as in Hayward v. Looney, 246 F.2d 56 (10th Cir., 1957), the sentence of the federal court made no reference to an outstanding state sentence and no specific recital as to the time of commencement of the federal sentence.

The question of *when* a federal sentence begins to run is answered by 18 U.S.C. § 3568 which provides:

> "The sentence of imprisonment of any person convicted of an offense in a court of the United States shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of said sentence:
>
> \* \* \* \* \* \*
>
> "If any such person shall be committed to a jail or other place of detention to await transportation to the place at which his sentence is to be served, his sentence shall commence to run from the date on which he is received at such jail or other place of detention."

The question of *where* a federal sentence is to be served is also governed by statute. In 18 U.S.C. § 4082 it is provided that:

> "Persons convicted of an offense against the United States shall be committed, for such terms of imprisonment as the court may direct, to the custody of the Attorney General of the United States or his authorized representative, who shall designate the places of confinement where the sentences shall be served."

The language of the judgment of commitment here is therefore clear and adequate in providing that appellant

be committed to the custody of the Attorney General of the United States.

 Appellant's remaining complaint here is to the effect that his plea of guilty was induced by promises of government agents for some form of leniency. This has not been presented to the district court for its consideration and cannot be made the subject of an original petition here.

The order appealed from, filed as a petition for writ of habeas corpus and treated by the district court as a petition for writ of coram nobis, is, therefore, affirmed, without prejudice to appellant's right to present separate issues of inducement to the district court.