**Joe FRANK, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 74-2130**

**Summary Calendar.**[*]

United States Court of Appeals, Fifth Circuit.

Sept. 30, 1974.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

**174**

Joe Frank, pro se.

Gerald J. Gallinghouse, U. S. Atty., Mary Williams Cazalas, Asst. U. S. Atty., New Orleans, La., for respondent-appellee.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

Following his plea of guilty and receipt of a six year prison term for possessing heroin with the intent to distribute,[1] appellant Frank filed a post-conviction motion in the district court pursuant to 28 U.S.C. § 2255 (1970). Frank alleged in his motion and supporting affidavit that the guilty plea had resulted from promises made by his attorney to Frank and members of his family that a bargain would be struck with the judge and prosecutor for a prison term of only two years. Frank further alleged that his attorney's instructions were to "remain quiet about this at trial."[2] The district court denied the motion without a hearing after referring Frank's papers to a magistrate for scrutiny in light of the plea transcript. We affirm.

In Bryan v. United States, 492 F.2d 775 (5th Cir. 1974), this court dealt *en banc* with the problem of determining when a federal prisoner should be afforded an evidentiary hearing in order to collaterally attack his guilty plea on the basis of alleged promises or inducements. Although we observed that "[n]o guilty plea which has been induced by an unkept plea bargain can be permitted to stand," 492 F.2d at 778, we likewise recognized that Section 2255 authorizes the district court to refuse an evidentiary hearing when "the files and records of the case conclusively show that the prisoner is entitled to no relief" upon his allegations. We noted that a highly relevant subject of inquiry is the plea transcript itself. 492 F.2d at 780.

In this case, as in *Bryan,* the district court conducted a scrupulous hearing under Rule 11, Federal Rules of Criminal Procedure, at the time of plea entry. The court asked Frank specifically whether anyone had made him any promises concerning the sentence that might be imposed.[3] Frank, like Bryan,

---

1. 21 U.S.C. § 841(a)(1) (1970). Frank received the mandatory 3-year special parole, 21 U.S.C. § 841(b)(1)(A) (1970), along with his prison term.

2. Frank supplemented his allegation of an unkept plea bargain with a charge that his attorney's conduct constituted a denial of the Sixth Amendment right to effective counsel.

3. THE COURT: Are you acting voluntarily in this matter? Are you doing this on your own volition, without any pressure or inducement from any person; you are pleading guilty voluntarily?
A: Yes, sir.

THE COURT: And do you understand the penalty that I may impose?
A: Yes, sir.

THE COURT: Are you positive you understand the penalty that I may impose upon you now that you have pleaded guilty?
A: Yes, sir.

THE COURT: Are you pleading guilty in this case because you are, in fact, guilty?
A: Yes, sir.

THE COURT: Do you understand that if you don't plead guilty you are entitled to a speedy trial by a jury?
A: Yes, sir.

"testified without conflict or equivocation that no plea bargain had been made or promised, directly or indirectly." 492 F.2d at 780. We find this factor controlling in this appeal, and leave to other cases the determination of prisoner motions in the face of records silent on plea bargaining or indicative of specific motives to disclaim plea bargaining.[4]

Affirmed.

THE COURT: You understand you can have witnesses called on your own behalf?

A: Yes, sir.

THE COURT: Have any threats or promises been made to induce you to plead guilty in this case?

A: No, sir.

THE COURT: Do you think there is some kind of understanding with anyone as to what kind of sentence I may impose upon you in this case?

A: Will you repeat that, your Honor?

THE COURT: Has anyone told you or suggested to you any type of penalty which I may impose in this case? Have they made you any promises?

A: No, sir.

THE COURT: That is about what kind of penalty I may impose?

A: No, sir.

\*     \*     \*     \*     \*

Transcript of Proceedings at 7-8.

4. *Cf.* Hilliard v. Beto, 465 F.2d 829 (1972), en banc dissolved and panel opinion vacated, 494 F.2d 35 (5th Cir. 1974).

