**Antonio P. ROSADO, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 74–3043
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

April 4, 1975.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Bill F. Payne, Boise, Idaho (Court appointed), for petitioner-appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for respondent-appellee.

Before THORNBERRY, MORGAN and RONEY, Circuit Judges.

PER CURIAM:

In a nonjury trial, a district court convicted Rosado of failure to pay the marihuana transfer tax, in violation of former 26 U.S.C. § 4744(a)(2), Acts Aug. 16, 1954, ch. 736, 68A, Stat. 562. Rosado now moves under 28 U.S.C. § 2255 to vacate his conviction and sentence for two reasons: (1) an unkept plea bargain rendered his guilty plea involuntary, and (2) his attorney's conflict of interest denied him effective assistance of counsel. We hold the district court properly denied Rosado's § 2255 motion without a hearing.

Rosado alleges a plea bargain between his counsel and United States attorney to keep his sentence between three and five years, with the emphasis on the three. He claims that the district judge's imposition of a ten year sentence so frustrated his expectations that it made his guilty plea involuntary. In Bryan v. United States, 492 F.2d 775 (5th Cir. 1974), the en banc court set out the standards for determining Rosado's claim. Examination of the transcript of the guilty plea hearing will disclose whether "the files and records of the case conclusively show that the prisoner is entitled to no relief" upon his allegations. See 28 U.S.C. § 2255. The transcript of Rosado's guilty plea hearing conclusively shows that the district court complied with Fed.R.Crim.P. 11. The judge specifically asked Rosado if he knew that he could receive a minimum of two years and a maximum of ten years confinement and a $20,000 fine for a first offense. The court further informed Rosado that the maximum sentence for a second or subsequent offense was forty years with a $20,000 fine. Rosado replied that he was aware of those

penalties, and stated under oath that he was pleading guilty freely and voluntarily in the exercise of his own good judgment. The court further informed Rosado that he had a complete defense under *Leary v. United States*, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969), to the charge. Rosado stated in open court that he was aware of the defense, yet still desired to waive it and plead guilty.[1]

Rosado also signed a sworn statement that included the following declarations:

III. I understand the elements of the offense and I am entering this plea of guilty freely, voluntarily, in the exercise of my own good judgment, and because I am guilty. This is not the result of a bargain or trade-out with the prosecution.

IV. I have received no promises of leniency, that other charges against me would be dropped, or of any other nature from my own attorney, from the attorney of the United States, or from any other person to induce me to plead guilty.

.    .    .    .    .

VII. I understand that any statement by my own attorney, by the attorney for the United States, or by any other person as to what sentence I might receive is not binding on the Court.

■ In this case, as in *Bryan*, the district court scrupulously followed the procedures under Fed.R.Crim.P. 11 before accepting Rosado's guilty plea. Since the hearing transcript conclusively shows that Rosado was not entitled to any relief on his involuntary guilty plea claim, the district court properly denied an evidentiary hearing. *Frank v. United States*, 501 F.2d 173 (5th Cir. 1974);

*Bryan v. United States*, 492 F.2d 775 (5th Cir. 1974).

Rosado also claims that his retained counsel was ineffective because of a conflict of interest created when the district court appointed Rosado's attorney to represent his co-defendant. But Rosado's characterization of the district court's action is inaccurate. On August 5, 1970, Rosado and his co-defendant, Guzman, appeared in the district court represented by Mr. Rocha. At that time Rocha announced that Guzman had not been able to raise the fee. However, he stated that he would continue to represent Guzman because of his familiarity with the case. At no time did the district court appoint Rocha as Guzman's attorney.

■ Even if the appointment had been made, Rosado's motion does not make the required showing of prejudice. *See United States v. Pinc*, 452 F.2d 507 (5th Cir. 1971). Rosado complains that Guzman's plea bargain was kept but his was not. Guzman received a five year sentence, as compared to Rosado's ten year term. However, the transcript of the proceedings indicates that this was Guzman's first offense. Rosado had a prior criminal record and an outstanding detainer from Illinois. Thus it is quite understandable that Rosado received the harsher sentence. Rosado's counsel actively participated in the Rule 11 hearing. His conduct cannot be characterized as so grossly deficient as to render the proceedings fundamentally unfair. *See Fitzgerald v. Estelle*, 505 F.2d 1334 (5th Cir. 1975). The district court properly denied an evidentiary hearing on both of Rosado's claims.

Affirmed.

---

1. The indictment also charged Rosado with three counts of importation of marihuana in violation of former 21 U.S.C. § 176a, Act Feb. 9, 1909, ch. 100, § 2(h). The prosecution dropped those counts when Rosado entered his guilty plea.