**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**George Alfred BARRETT,**
**Defendant-Appellant.**

**No. 75–1279**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

June 18, 1975.

* Rule 18, 5 Cir., See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Raymond E. Makowski, Jacksonville, Fla. (Court appointed), for defendant-appellant.

John L. Briggs, U. S. Atty., Howard T. Snyder, Asst. U. S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before WISDOM, BELL and CLARK, Circuit Judges:

PER CURIAM:

Barrett was indicted for interstate transportation of a stolen motor vehicle and confined by federal officials in the Duval County Jail in September, 1974. In November, 1974 he advised his counsel that he had decided to plead guilty and gave written consent for a presentence investigation. He entered his guilty plea in December, 1974 declaring under oath that it was knowing and voluntary, that it was neither coerced nor bought with promise. By motion filed January 3, 1975 the appellant sought to be removed from the jail to another institution because of his poor health and lack of adequate medical care. The appellant was sentenced on January 15, 1975 to the maximum term of five years, and he was removed to a federal prison on January 30, 1975.

Barrett's appointed counsel filed a motion to withdraw on April 17, 1975, in conformity with the mandate of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We have carefully considered the record in its entirety together with the brief of appointed counsel and the subsequent statement filed by Barrett and conclude that there is no arguable merit in the appeal and grant counsel's motion to withdraw.

■ The first issue is whether the sentence imposed was excessive. On Barrett's plea of guilty, the judge imposed the maximum sentence. The law provides no review of a sentence within the limits set by law. However, we note that the judge considered the appellant's substantial prior criminal record of misdemeanors, his deprived childhood, vocational deficiencies, as well as his drinking problems, and recommended vocational and alcoholic rehabilitative training.

■ The appellant maintains that he suffered cruel and unusual punishment during his long pretrial incarceration in the Duval County Jail and his sentence should be vacated. The appellant bases his contention on an order entered in the District Court for the Middle District of Florida in Cause No. 74–193–CR–J–T declaring that the conditions found to exist in the Duval County Jail constitute the infliction of cruel and unusual punishment. As a member of the class to which this order applies, any question of the effect on his civil rights of this judgment must be considered in that court. However, nothing in that declaratory judgment vests Barrett with a right to have his solemn plea set aside or to vacate the sentence duly imposed.

Barrett contends pro se that his decision to plead guilty was unlawfully coerced by the lengthy pre-trial incarceration under substandard conditions existing in the Duval County Jail. The record reflects that Barrett complained to his counsel that his health was suffering from the conditions of the jail, however, there is no evidence that his plea was coerced because of this incarceration. To the contrary, he swore during his plea-taking that his plea was not coerced, but knowing and voluntary. He also swore that he believed that the government could prove his guilt and that he had been promised nothing. After a careful, detailed plea-taking proceeding such as appears in this record, a defendant will not be later heard to contend that he swore falsely. *See* Bryan v. U. S., 492 F.2d 775 (5th Cir. 1974).

Barrett filed a pro se brief contending that his appointed counsel furnished him inadequate assistance and that he was misinformed by counsel that a guilty plea would result in a lesser sentence. Here again his contrary oath at plea taking controls under *Bryan*.

Barrett further complains that there is little vocational training and alcoholic treatment available at the federal prison to which he is confined. He maintains that the judge should have designated a specific institution offering rehabilitation if that was the basis for his sentence. This contention is without merit. The judge did not abuse his discretion in sentencing Barrett and although he recommended rehabilitative training and treatment, he was under no duty to specify an institution.

Barrett's final pro se contention is that it was unconstitutional for the trial court to consider the adverse facts disclosed by his presentence investigation report in sentencing him. This contention has no merit. *See* F.R.Cr.P. 32.

The appeal is dismissed and counsel's motion to withdraw is granted.