Daniel C. SUMMERS, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 76–1761
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 20, 1976.

---

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

Daniel C. Summers, pro se.

Edward B. McDonough, Jr., U.S. Atty., James R. Gough, Anna E. Stool, Asst. U.S. Attys., Houston, Tex., for respondent-appellee.

Before AINSWORTH, CLARK and RONEY, Circuit Judges.

PER CURIAM:

Daniel C. Summers appeals the denial of his § 2255 petition. Summers was convicted on his plea of guilty on one count of distribution of cocaine, 21 U.S.C. § 841(a)(1). According to the terms of a plea agreement, two other counts were subsequently dismissed. On April 25, 1975, Summers was sentenced to 7 years in prison and a special parole term of 5 years. He did not appeal this conviction. A motion for reduction of sentence was granted on May 28, 1975, reducing his prison term to 5 years. A subsequent motion to reduce sentence was denied. The instant habeas petition was denied on December 10, 1975.

Summers' appeal asserts four errors: 1) that he had a valid entrapment defense to the distribution charge; 2) that he received a sentence which was unfair in comparison to that meted out to a codefendant; 3) that he was not informed by the court of the consequences of his plea; and 4) that he received ineffective assistance of counsel. The district court, without a hearing, denied the motion to vacate his sentence and dismissed Summers' petition.

(1) Regardless of the existence of valid defenses, a voluntary plea of guilty to a particular charge "is conclusive as to . . . guilt." *Williams v. United States,* 443 F.2d 1151, 1153 (5th Cir. 1971). The alleged existence of an entrapment defense is insufficient to pierce the presumed validity of Summers' admission that he was guilty of distributing cocaine.

(2) The sentence given Summers was within the statutory limits. The fact that the sentence was greater than that given a codefendant does not establish an abuse of sentencing discretion. *United States v. Harper,* 505 F.2d 924, 926 (5th Cir. 1974). This is especially so since Summers' sentence was later reduced to 5 years, the same sentence given to the codefendant.

(3) Summers claims he was not informed by the court of the consequences of his plea. The district court took this contention to mean that Summers had not been told the length of the maximum sentence he could receive upon conviction. The record, as the district court correctly recognized, clearly refutes this contention.

On appeal Summers argues, however, that the consequences he was not informed of were the constitutional rights he would be forfeiting by pleading guilty. Relying on *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) Summers claims he should have been warned that his plea would waive his right to trial by jury, to confront accusers, and not to be forced to incriminate himself. This court has previously dealt with and rejected this exact

contention.[1] *United States v. Frontero,* 452 F.2d 406, 415 (5th Cir. 1971). The record discloses that the trial judge complied with the dictates of Rule 11,[2] Fed.R.Crim.Pro., and that Summers understandably and voluntarily pled guilty to the offense charged.

(4) Summers' claim that he received ineffective assistance of counsel was dismissed by the lower court because the "advice of counsel to plead guilty to one count and obtain the dismissal of two additional counts does not appear to be bad advice nor does it indicate ineffective counsel." But this misses the import of Summers' contention; he claims his attorney refused to explain to him and to investigate a valid entrapment defense even though he brought the facts of this defense to his attorney's attention.

■ Although Summers substantially elaborates on the factual basis for this claim on appeal, the question before this court is whether the allegation *as presented below* was appropriately dismissed. Summers claimed in his petition that "my attorney did not attempt to explain the ramifications of the proceeding, and never would explain the possibilities of entrapment. I asked about this at least twice during the proceedings." Summers also sets out the alleged facts which arguably make out his entrapment defense. In addition, the record includes a notarized letter from Summers' mother explaining that in her presence he told his attorney the facts which make up his alleged valid entrapment

defense, but that the attorney failed to explain the legal ramifications of an entrapment defense to either of them. She also alludes to the attorney's impatience, his disdain for having to handle Summers' case, and his misleading advice regarding the sentence Summers would receive if he pled guilty.[3] Finally, the record includes a previous motion to reduce sentence filed by retained counsel which asserted that his previous appointed trial counsel had failed to inform him of the defense of entrapment. The record is completely silent as to any facts rebutting any of the above allegations. The government's only answer was that it "denied" all allegations.

■ Section 2255 requires that Summers. receive a factual hearing on his petition "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . .." 28 U.S.C. § 2255; *United States v. Hayman,* 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952). Reading Summers' pro se petition through the charitable lens demanded by *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), he alleged that he twice explained facts to his attorney which he asserts should have at least caused the attorney to explain the relative merits of a possible entrapment defense. With these allegations, he could possibly prove a set of facts which might be found to substantiate a claim of ineffective assistance of counsel sufficient to cause the § 2255 motion to be granted. *Cf. Herring v. Estelle,* 491 F.2d 125 (5th Cir. 1974).[4] We, of course, hold

---

1. Any language in *United States v. Escandar,* 465 F.2d 438 (5th Cir. 1972), which might be taken to imply the contrary is simply *dicta. Lockett v. Henderson,* 484 F.2d 62, 64 (5th Cir. 1973); *see United States v. Gearin,* 496 F.2d 691, 692–93 (5th Cir. 1974), *cert. denied,* 419 U.S. 1113, 95 S.Ct. 789, 42 L.Ed.2d 810 (1975); *cf. McChesney v. Henderson,* 482 F.2d 1101 (5th Cir. 1973).

2. We are not here faced with a failure to comply with the recently added subsection (c)(3) to Rule 11, which requires the court inform defendants of the constitutional rights which they will forfeit by pleading guilty. This amendment did not become effective until December 1, 1975. The instant plea was taken March 19, 1975.

3. The time an attorney spends preparing a defense is one of several relevant items to be considered in determining whether a defendant has received effective assistance of counsel. *See Doughty v. Beto,* 396 F.2d 128, 130 (5th Cir. 1968).

4. Not only is the governing legal principle in *Herring* applicable to this case, but *Herring* involved a very similar factual situation. The conduct which was found to have shown ineffective assistance of counsel was the failure of Herring's attorney to investigate the facts sufficiently to discover that the defendant had an available defense to the charge to which he advised the defendant to plead guilty.

only that Summers is entitled to an evidentiary hearing and voice no opinion as to the merits of his claims.

AFFIRMED IN PART, VACATED AND REMANDED IN PART.

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.