Oscar GOODWIN, Jr.,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 76–2188

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 3, 1977.

Oscar Goodwin, Jr., pro se.

Wayman G. Sherrer, U. S. Atty., James C. Thomason, III, Asst. U. S. Atty., Birmingham, Ala., for respondent-appellee.

Before BROWN, Chief Judge, and GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

Appellant was convicted on April 15, 1975, upon a plea of guilty to federal charges of possessing heroin with intent to distribute and of distributing heroin. He is now serving a ten-year sentence with a special parole term of ten years. He challenges the validity of the district court's acceptance of his plea in this second attempt under 28 U.S.C. § 2255 to have his sentence vacated.[1]

Goodwin alleges that his guilty plea was coerced by unfulfilled promises and that the district court did not comply with F.R.Cr.P. 11 in accepting it. In support of his first allegation, appellant contends that

---

1. The district court denied Goodwin's first § 2255 motion in August, 1975, from which Goodwin did not appeal.

his attorney promised him that for an additional fee of $3500, which Goodwin paid, the attorney could assure him of immediate parole. The record refutes appellant's claim that he was not aware at the time of his plea of his ineligibility for parole until he had served one-third of his sentence. When Goodwin entered his guilty plea, the court discussed with him the maximum sentence possible the fact that the magistrate had made no recommendation concerning parole, and the court's decision not to make special provision for parole, resulting in the appellant having to serve one-third of his sentence before parole eligibility. After receiving these clear explanations of his sentence, the court asked Goodwin if he had any questions about his sentence. He responded "no" and is thus precluded from challenging his plea on the ground of unfulfilled promises. *Michel v. United States,* 507 F.2d 461 (2d Cir. 1974); *Forrens v. United States,* 504 F.2d 65 (9th Cir. 1974).

■ Since the relevant subsections of current F.R.Cr.P. 11 did not become effective until December 1, 1975, appellant cannot rely on the district court's failure to comply strictly with the present rule. *Summers v. United States,* 538 F.2d 1208 (5th Cir. 1976). It is clear from the record that the district judge made adequate inquiries under the prior rule.[2] *United States v. Maggio,* 514 F.2d 80 (5th Cir. 1975). In the colloquy between the court and appellant, reflected in a 12-page transcript, the judge discussed in detail the various constitutional rights appellant was forfeiting by a plea of guilty and the potential fines and penalties that could be imposed. In addition, the court inquired about appellant's understanding of the charges, to which appellant unequivocally indicated his understanding.

2. At the time appellant plead guilty, F.R.Cr.P. 11 provided:

A defendant may plead not guilty, guilty or, with the consent of the court, *nolo contendere.* The court may refuse to accept a plea of guilty, and shall not accept such plea or a plea of *nolo contendere* without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea. If

After the prosecutor explained the factual basis for the plea in great detail, the court again inquired into, and appellant again acknowledged, his understanding of what his guilty plea involved. Indeed, the judge asked many of the questions now specified in rule 11. Moreover, the district judge complied with the rule of *Bryan v. United States,* 492 F.2d 775 (5th Cir. 1974) (en banc), that a defendant entering a guilty plea be questioned under oath. Although the record of the guilty plea proceedings here is silent as to whether appellant was sworn, the district judge below found as a fact that Goodwin had been questioned under oath. Since that judge was the same judge who accepted appellant's guilty plea, we cannot conclude that his finding of fact is clearly erroneous. The order of the district court denying relief is AFFIRMED.

a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.