Billy Gene THOMAS, Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.

No. 76–4231
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

April 14, 1977.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Richard A. Dawson, Staff Counsel for Inmates, Texas Dept. of Corrections, Ramsey Unit, Rosharon, Tex., for petitioner-appellant.

John L. Hill, Atty. Gen., Austin, Tex., W. Barton Boling, Asst. Atty. Gen., El Paso, Tex., David M. Kendall, Jr., 1st Asst. Atty. Gen., Joe B. Dibrell, Gilbert J. Pena, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before COLEMAN, GODBOLD and TJOFLAT, Circuit Judges.

PER CURIAM:

Appellant Thomas was convicted in 1970 upon a plea of guilty to the offense of robbery by the use of firearms and was sentenced to 25 years confinement. No appeal was taken.

Appellant has exhausted state court remedies and has been denied relief in the U. S. District Court from which he appeals. In this case the sole question for decision is whether the District Court was correct in denying Thomas' application for a writ of habeas corpus without an evidentiary hearing.

Appellant contends that his plea of guilty was not knowingly and voluntarily made since it was induced by a promise from his attorney that he would receive a 16 year sentence if he pled guilty. At all times during the proceedings he was represented by retained counsel. Appellant claims that (1) he was not informed that this was a bargain struck with the District Attorney for recommendation only, and (2) that he was not aware the trial judge was not a party to the bargain and was not bound to accept the recommendation.

It is undisputed that the District Attorney made the 16 year recommendation, but the trial court refused to accept it. It is also undisputed that a sentencing recommendation is not binding upon the court. *Santobello v. New York,* 404 U.S. 527, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

Appellant offers no more than his own unsupported affidavit of an unkept plea bargain. The state offers, however, the sworn statements of both the Assistant District Attorney who prosecuted appellant and appellant's trial counsel which show that an agreement was entered into that if appellant pled guilty, the prosecution would recommend a 16 year sentence, which sentence would not be binding upon the judge. The affidavit of appellant's counsel states further that appellant was advised and fully understood that the prosecution would make a recommendation only. The state court records in the case establish that the

trial judge duly admonished appellant as to the effect and consequences of his plea of guilty. The appellant made no complaint to the judge at the sentencing hearing about his sentence or about the voluntariness of his plea.

Based on all of the pleadings, the state court records, and the affidavits, the District Court found no unkept plea bargain. We agree with the District Court that the record conclusively shows that appellant is entitled to no relief. On the authority of *Bryan v. United States,* 5 Cir. 1974, 492 F.2d 775, an evidentiary hearing was not necessary. *See also Dugan v. United States,* 5 Cir. 1975, 521 F.2d 233.

Appellant attempts now to raise the issue of ineffective assistance of counsel by reciting facts which are outside of the record and were not raised in his application to the court below. These matters will not be considered by this Court on appeal. *Anderson v. Texas,* 5 Cir. 1975, 507 F.2d 105.

AFFIRMED.