**Edward KING, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 77-2242**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Jan. 3, 1978.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Edward King, pro se.

J. R. Brooks, U. S. Atty., James C. Thomason, III, Asst. U. S. Atty., Birmingham, Ala., for respondent-appellee.

Before BROWN, Chief Judge, and RONEY and HILL, Circuit Judges.

PER CURIAM:

This appeal follows the denial by the District Court of King's motion under 28 U.S.C.A. § 2255 to vacate and set aside sentence. We affirm.

King is presently serving a ten-year sentence imposed following a guilty plea to importing heroin. Subsequent to his conviction for this substantive offense, he was indicted, tried and found guilty by a jury of conspiring to import heroin. The trial court imposed a fifteen-year consecutive sentence on the conspiracy charge. This Court affirmed his conviction on direct appeal. *United States v. King*, 5 Cir., 1975, 517 F.2d 350.

King's § 2255 motion attacked this second sentence on the following grounds: (i) he was twice put in jeopardy because the evidence used in proving the conspiracy and the substantive offense was identical; and (ii) the fifteen-year sentence constituted cruel, unusual and excessive punishment. We hold that the District Court properly rejected these contentions. As to ground (i), see *Pereira v. United States*, 1954, 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435; *Iannelli v. United States*, 1975, 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616; *Curtis v. United States*, 5 Cir., 1977, 546 F.2d 1188; *United States v. Friedman*, 8 Cir., 1974, 506 F.2d 511, 517; *United States v. Haley*, 8 Cir., 1971, 452 F.2d 398, 403–04; as to ground (ii), see *Houser v. United States*, 8 Cir., 1974, 508 F.2d 509, 516 & n. 53; *United States v. Hartford*, 5 Cir., 1974, 489 F.2d 652, 654; *United States v. Gonzalez*, 5 Cir., 1974, 491 F.2d 1202, 1209; *Curtis v. United States, supra; United States v. Jackson*, 10 Cir., 1973, 482 F.2d 1167, 1177.

In his brief on this appeal, King raises an issue not raised below. He contends that the first sentence should have been vacated on the ground that it resulted from an unkept plea agreement. A second new issue attacks the District Court's having ruled on the motion without requiring the

government to respond and without holding a hearing with respect to the plea allegations purportedly made.

On page 2 of King's motion below, the *only* reference to any plea agreement was the following:

> Petitioner entered a plea bargain of guilty to a violation of . . . Title 21 U.S.C. 952 . . ..

Furthermore, on that same page, under the heading "Issues Presented", only the double jeopardy and Eighth Amendment claims were enumerated and discussed.

 Newly presented issues which were not part of the District Court proceedings will not be considered on appeal. *Anderson v. State of Texas,* 5 Cir., 1975, 507 F.2d 105, 106; *Thomas v. Estelle,* 5 Cir., 1977, 550 F.2d 1014, 1016.[1] And even if by the wildest stretch of the imagination King's motion could be construed as having raised this issue, unsupported and vague allegations of a plea agreement do not require the District Court to hold an evidentiary hearing. *E. g., Thomas v. Estelle, supra.*

AFFIRMED.

---

1. King raises yet a third new issue which was part of his double jeopardy claim below. His motion papers stated:
 > (23) Rule 11 of the Federal Rules of Criminal Procedure, in its entirety, provides certain safeguards against further prosecution of a person, after the disposition of an offense, in respects to a plea of guilty.

 King's brief on appeal raises the question whether a guilty plea under Rule 11 to the substantive offense precludes further prosecution for an offense which is based upon the substantive offense as the major element. As discussed above, King's double jeopardy argument is meritless, and we find nothing in Rule 11 which precludes subsequent prosecution under the circumstances of this case.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.