UNITED STATES of America, Plaintiff-Appellee,

v.

Herbert Darrell HAY, Defendant-Appellant.

No. 81–2408
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Aug. 26, 1982.

Herbert Darrell Hay, pro se.

Daniel K. Hedges, U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before TATE, JOHNSON and WILLIAMS, Circuit Judges.

TATE, Circuit Judge:

Following his plea of nolo contendere to a one count criminal information charging him with simple assault by written communication, in violation of 18 U.S.C. § 113, Herbert Darrell Hay brings this direct appeal *pro se*. Hay does not attack the adequacy of his plea, or the proceedings concerning it. His sole contention, raised on appeal for the first time, is that the United States failed to perform one of the four terms of their plea agreement: a promise to write a letter relaying certain matters of Hay's complaints to the Texas Department of Public Corrections, in whose Ramsey One facility the appellant is currently serving a life sentence on unrelated charges. Finding that non-fulfillment of a plea bargain based on matters outside the record is not properly before us on the direct appeal from the conviction by plea, we affirm the conviction.

The defendant Hay, a Texas state prisoner, was indicted in November 1980 for sending (from prison) two threatening letters to an assistant United States Attorney in violation of 18 U.S.C. § 876 (a felony, each count of which carries a maximum penalty of 20 years imprisonment and/or a $5,000 fine). Hay ultimately decided in open court on September 22, 1981 to plead nolo contendere to a violation of 18 U.S.C. § 113 (which carries a maximum penalty of 3 months imprisonment and/or a $300.00 fine), pursuant to a plea agreement reached with the United States Attorney.

The terms of the agreement are not in dispute. As part of the bargain for the plea, the government agreed: (1) that the original two-count indictment would be dismissed; (2) that the government would join with the defense in recommending that Hay be sentenced to time served (while in federal custody) or to a sentence to run concurrent with Hay's life term in the state prison; (3) that the United States Attorney would "write a letter to the Texas Department of Public Corrections telling them of certain things that [Hay] has brought to our attention that he would like them to look into"; and (4) that the defendant's plea would not in any way affect a certain related pending civil rights suit.

The sole contention raised by Hay on his appeal from the conviction is that it should be vacated because the United States Attorney did not fulfill the third condition of the bargain—that "no letter was written." [1]

---

1. With respect to this third condition, the record discloses the limited nature of what the government agreed to do. The Assistant United States Attorney assigned to the rearraignment made the government's position clear:

   We have told him that we have no authority over the Texas Department of Public Corrections, there is no way we can make them make changes, but we will bring it to their attention, for whatever good it will do. [R. 3/103].

   The court, in reply, amplified the nature of task the government had agreed to perform:

   In other words, you are going to simply pass to them what, some complaints about the prison system? [R. 3/103].

Aside from the defendant's assertion in appellate brief, the record before us does not disclose whether or not the government did in fact write the letter per the agreement.

■ On an appeal to vacate a conviction resulting from a plea, review of the voluntariness and sufficiency of the plea and its compliance with Fed.R.Cr.P. 11 requirements is limited to "determining only whether the district court acted properly in accepting the plea and imposing sentence on the basis of the records and the contentions *then before it.*" *United States v. Coronado,* 554 F.2d 166, 170 (5th Cir. 1977) (emphasis supplied), *cert. denied,* 434 U.S. 870, 98 S.Ct. 214, 54 L.Ed.2d 149 (1977). Where the issue has not been presented properly to the district court (such as by a Fed.R.Cr.P. 32(d) motion to withdraw the plea), the government's alleged non-fulfillment of a plea bargain, when based on matters outside the record, is not before the appellate court; it thus cannot be raised on the direct appeal from the conviction resulting from the plea. *Coronado, supra,* 554 F.2d at 175.

This is in accord with the general rule that, on a direct appeal of a conviction based upon a plea, complaints based upon facts outside the record are not before and will not be considered by the reviewing court. *See, e.g.: United States v. Gray,* 611 F.2d 194, 197, *cert. denied,* 446 U.S. 911, 100 S.Ct. 1840, 64 L.Ed.2d 264 (1980); *United States v. Mims,* 440 F.2d 643, 645 (8th Cir. 1971); *United States v. Briscoe,* 428 F.2d 954, 956 (8th Cir.), *cert. denied,* 400 U.S. 966, 91 S.Ct. 378, 27 L.Ed.2d 386 (1970); *Wilkins v. United States,* 351 F.2d 609, 610 (5th Cir. 1965) (unkept plea bargain). As these decisions note, ordinarily the appeal from such a conviction requires determination only of whether, on the basis of the Rule 11 transcript record, the defendant's plea was entered with knowing voluntariness and in compliance with Rule 11.[2]

The government, the defendant, and his counsel assented to this formulation.

**2.** We have examined the record of the Rule 11 hearing transcript and find that it discloses that

*Conclusion*

■ Accordingly, since the only issue raised before us concerns a post-plea factual complaint of non-fulfillment of the plea bargain that we cannot consider since based on alleged facts outside the record, and since the record before us shows no defect in the plea proceedings, we AFFIRM the conviction based upon such plea.

AFFIRMED.

the defendant's plea was fully voluntary and was taken in meticulous compliance with Rule 11 requirements.