**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Robert G. HAURING,**
**Defendant-Appellant.**

**No. 85–5538**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

June 11, 1986.

Blanche D. Brass, Miami, Fla., for defendant-appellant.

Leon B. Kellner, U.S. Atty., Andrea Simonton, David O. Leiwant, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Robert Hauring and six other codefendants were charged with one count of conspiracy to possess with intent to distribute and one count of possession with intent to distribute in excess of 50 kilograms of marijuana. Just prior to trial, the court held a guilty plea hearing for four defendants, including Hauring, who at that time wished to plead guilty. Three of the defendants pled guilty to a supplemental information which eliminated the quan-

tity of marijuana such that the maximum possible sentence to which each of these three defendants was subject was five years. Hauring, however, pled guilty to the original indictment.

Between this guilty plea hearing and the selection of a jury the two defendants remaining before the court also entered pleas of guilty.[1] After these final pleas, Hauring filed a written motion to withdraw his guilty plea. He argued that during plea negotiations the government had offered to permit him to plead guilty to a five-year offense if all the defendants entered pleas of guilty. The court denied the motion without conducting a hearing. Hauring filed a motion for rehearing or a renewed motion for withdrawal which was also denied. Hauring then filed a second motion for rehearing or renewed motion to withdraw his guilty plea and again it was denied. A sentencing hearing was held, at which time Hauring received concurrent ten year sentences on each of the two counts as well as a special parole term of five years on the second count. Hauring then filed this appeal.

On appeal, Hauring points to the plea negotiations and resulting agreement and argues that the court should have either allowed him to withdraw his guilty plea or ordered specific performance of the plea agreement. Hauring argues that he relied on the plea agreement to plead guilty with the understanding that if the remaining two defendants pled guilty, the agreement would still apply. Hauring apparently believed that they were going to plead guilty later and in fact each one did. However, at the guilty plea hearing the United States Attorney stated that there was no plea agreement and after inquiry by the court Hauring stated that he was pleading guilty to the entire indictment. The court explained to Hauring that he could go to trial along with the two defendants who had not pled guilty at the time of the hearing but Hauring stated that he wished to enter a guilty plea. There was no objection or request to withdraw the guilty plea at that time. Hauring stated to the court that he was not pressured, threatened, or compelled to enter the plea. He also stated that no promises or rewards had been made. After the court then explained that he could receive the maximum penalty on each count, Hauring again reaffirmed his desire to plead guilty and the plea was accepted.

It is the law that when a guilty plea has been induced by a promise or agreement of the government, such promise or agreement must be fulfilled. *Sotobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). If the case before us could be viewed as an instance in which the government did not live up to its undertaking, then obviously Hauring's guilty plea could not be permitted to stand. However, this is not such a case. At the time Hauring entered his plea of guilty, two co-defendants continued to maintain their pleas of not guilty. The government's offer to permit Hauring to plead guilty to a lesser charge if all co-defendants entered the same plea thus expired at the time he pled guilty to the full indictment. The fact that these two co-defendants later pled guilty is of no consequence, particularly since the government and the district judge explicitly advised Hauring during the plea colloquy that no plea agreement existed.

In addition, the district judge queried Hauring extensively as to whether he understood the nature and consequences of his plea and Hauring responded that he did. "[W]here, from the transcript, the plea-taking procedures are clear and regular on their face, a petitioner asserting the existence of a bargain outside the record and contrary to his own statements under oath bears a heavy burden." *Barnes v. United States*, 579 F.2d 364, 366 (5th Cir.1978). Hauring has not satisfied this burden. Appellant was given more than ample warning of the consequences of his plea and any subjective belief on his part that he would later be permitted to withdraw his plea and replead to a lesser charge was unjustified.

---

1. The seventh defendant was a fugitive and not before the court.

The district court did not abuse its discretion in refusing to allow Hauring to withdraw his guilty plea or to order specific performance of the plea bargain terms. *See United States v. Pihakis*, 545 F.2d 973, 975 (5th Cir.), *cert. denied*, 434 U.S. 418, 98 S.Ct. 56, 54 L.Ed.2d 73 (1977). Further, in light of the hearing transcript and the undisputed evidence in the record, it was not an abuse of discretion to deny Hauring's request for an evidentiary hearing on this claim. *Rosado v. United States*, 510 F.2d 1098, 1100 (5th Cir.1975). The decision of the district court is

AFFIRMED.