[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13566
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 15, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:09-cr-60304-KMM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHARLES THERION CLAYTON,
a.k.a. Charles Clayton,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 15, 2011)

Before EDMONDSON, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Charles Clayton appeals his conviction after pleading guilty to possession

with intent to distribute 500 or more grams of cocaine, 21 U.S.C. § 841(a). Clayton was sentenced to 360 months' imprisonment. No reversible error has been shown; we affirm.

On appeal, Clayton challenges the district court's denial of his motion to withdraw his guilty plea. We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Izquierdo, 448 F.3d 1269, 1276 (11th Cir. 2006). We will not reverse the district court's decision unless its denial was "arbitrary and unreasonable." Id.

A defendant has no absolute right to withdraw a guilty plea. United States v. Buckles, 843 F.2d 469, 471 (11th Cir. 1988). But a defendant may do so if he is able to show a "fair and just reason" for the request. Id. In determining whether a defendant has met this burden, the district court considers the totality of the circumstances surrounding the plea, including these factors: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." Id. at 472 (internal citation omitted). Once the court determines that a defendant received close assistance of counsel and entered his plea knowingly and voluntarily, however, little weight is given to the remaining two Buckles factors.

2

See United States v. Gonzalez-Mercado, 808 F.2d 796, 801 (11th Cir. 1987).

We see no abuse of discretion in the district court's denial of Clayton's motion to withdraw his guilty plea. Under the first part of Buckles, we conclude that Clayton received close assistance from both of his court-appointed lawyers. At an evidentiary hearing, his first lawyer testified that he met with Clayton three times, explained that he qualified for a career offender enhancement, and conducted a thorough investigation of possible defenses for trial. Clayton's second lawyer also testified that he met with Clayton many times, explained the career offender sentencing issues, and prepared to go to trial. At one meeting, he reviewed each paragraph of two proposed plea agreements, the differences between the two agreements, and the consequences of rejecting the agreements, and -- at the plea hearing -- discussed every provision of the final plea agreement with Clayton.[1]

The record shows that Clayton conferred with his lawyer many times during his plea hearing before answering the district court's questions and eventually pleading guilty. Clayton also confirmed that he had discussed the charges, plea

---

[1]To the extent that Clayton's testimony during the evidentiary hearing on his motion to withdraw differed from that of his two lawyers, the district court determined that his testimony was not credible. Because Clayton does not challenge this conclusion on appeal, he has waived the argument. See United States v. Curtis, 380 F.3d 1308, 1310 (11th Cir. 2004).

agreement, and guidelines with his lawyer, had been given adequate time to consult with his lawyer, and was satisfied with his lawyer's representation. He has not overcome the strong presumption that statements made during the plea colloquy are true. See United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994).

The record also demonstrates that Clayton's guilty plea was knowing and voluntary. In determining whether a plea was knowing and voluntary, the district court must address the three core concerns underlying Fed.R.Crim.P. 11: (1) whether the guilty plea was free from coercion; (2) whether the defendant understood the nature of the charges; and (3) whether the defendant understood the consequences of his guilty plea. United States v. Hernandez-Fraire, 208 F.3d 945, 949 (11th Cir. 2000).

Clayton argues that he did not understand either the nature of the charges against him or the consequences of his guilty plea.[2] During his plea hearing, however, Clayton confirmed these things: (1) he had received the indictment and discussed it with his lawyer; (2) the government's factual proffer was accurate; and (3) he had read and understood the plea agreement -- including the maximum

---

[2]Clayton has waived the argument that his plea was coerced because he did not raise such an argument in his appellate brief. See Curtis, 380 F.3d at 1310.

possible penalties based on the career offender enhancement. Although there is some evidence that Clayton struggled to understand the sentencing consequences of his guilty plea, his subjective belief that he was no career offender -- despite both of his lawyers' and the court's explicit and repeated instructions otherwise -- was unjustified. See United States v. Hauring, 790 F.2d 1570, 1571-72 (11th Cir. 1986) (concluding that the district court did not abuse its discretion in refusing to allow a defendant to withdraw his guilty plea where the defendant's subjective beliefs that he would later be allowed to withdraw his plea and replead to a lesser charge were unjustified).

We are unpersuaded that the remaining Buckles factors support Clayton's argument; and because Clayton enjoyed close assistance of counsel and entered a knowing and voluntary plea, we need not give these factors considerable weight. See Gonzalez-Mercado, 808 F.2d at 801. Given the totality of the circumstances, the district court did not abuse its discretion in denying Clayton's motion to withdraw his plea.

AFFIRMED.