[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10587
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 27, 2012
JOHN LEY
CLERK

D. C. Docket No. 1:10-cr-00190-ODE-AJB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DIYIANA CLAY DAMAYO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 27, 2012)

Before EDMONDSON, CARNES and FAY, Circuit Judges.

PER CURIAM:

Diyiana Clay Damayo appeals her convictions after pleading guilty to mail

fraud, 18 U.S.C. § 1341, and aggravated identity theft, 18 U.S.C. § 1028A(a) and

(b)(2). Damayo was sentenced to a total term of 132 months' imprisonment. No reversible error has been shown; we affirm.

On appeal, Damayo challenges the district court's denial of her pro se motion to withdraw her guilty plea.[*] We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Izquierdo, 448 F.3d 1269, 1276 (11th Cir. 2006). We will not reverse the district court's decision unless its denial was "arbitrary and unreasonable." Id.

A defendant has no absolute right to withdraw a guilty plea. United States v. Buckles, 843 F.2d 469, 471 (11th Cir. 1988). But a defendant may do so if she is able to show a "fair and just reason" for the request. Id. In determining whether a defendant has met this burden, the district court considers the totality of the circumstances surrounding the plea, including these factors: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his

---

[*]Damayo also argues that the district court erred in holding her accountable for the total fraud loss, but we have already granted the government's motion to dismiss this claim based on Damayo's sentence appeal waiver. And, because Damayo fails to elaborate on her ineffective assistance of counsel claim -- mentioned only in the "Summary of the Argument" section of her brief -- she has waived that issue. See United States v. Gupta, 463 F.3d 1182, 1195 (11th Cir. 2006) (explaining that a party waives an issue mentioned in her opening brief when she fails to offer substantive arguments to support it).

plea." Id. at 472 (citation omitted). But once the court determines that a defendant received close assistance of counsel and entered her plea knowingly and voluntarily, little weight is given to the remaining two Buckles factors. See United States v. Gonzalez-Mercado, 808 F.2d 796, 801 (11th Cir. 1987).

We see no abuse of discretion in the district court's denial of Damayo's motion to withdraw her guilty plea. Under the first part of Buckles, we conclude that Damayo received close assistance of counsel. During a hearing on Damayo's pro se motions for new counsel and to withdraw her guilty plea, Damayo's lawyer testified that he had spent between 120 and 150 hours working on Damayo's case. During this time, Damayo's lawyer conducted extensive investigation and discovery and discussed with Damayo several times the evidence against her, the government's position, and the potential sentencing consequences.

The record also shows that Damayo consulted with her lawyer repeatedly during her plea hearing before answering the district court's questions and pleading guilty. Damayo confirmed that she had discussed the guidelines with her lawyer, had been given adequate time to consult with her lawyer about her case, and was satisfied with her lawyer's representation. She has not overcome the strong presumption that statements made during the plea colloquy are true. See United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994).

The record also demonstrates that Damayo's guilty plea was knowing and voluntary. In determining whether a plea was knowing and voluntary, the district court must address three core concerns underlying Fed.R.Crim.P. 11: (1) whether the plea was free from coercion; (2) whether defendant understood the nature of the charges; and (3) whether defendant understood the consequences of her guilty plea. United States v. Hernandez-Fraire, 208 F.3d 945, 949 (11th Cir. 2000).

During her plea hearing, Damayo confirmed these things: (1) that she was pleading guilty "freely and voluntarily"; (2) that the government's factual proffer was accurate; (3) that she understood the rights she was giving up by pleading guilty; and (4) that she understood the range of sentences she could face. That Damayo had difficulty understanding -- despite her lawyer's and the court's explicit and repeated instructions -- that she could be held accountable for her codefendant's fraudulent acts does not change our analysis. See United States v. Hauring, 790 F.2d 1570, 1571-72 (11th Cir. 1986) (concluding that the district court did not abuse its discretion in refusing to allow a defendant to withdraw his guilty plea where defendant's subjective belief that he could later withdraw his plea was unjustified).

The timing of Damayo's motion to withdraw her plea is also significant. That Damayo filed her motion only after receiving her Presentence Investigation

4

Report -- a full two months after entering her guilty plea -- indicates that she was likely motivated by her dissatisfaction with her potential sentence instead of by a change of heart about pleading guilty.  See Gonzalez-Mercado, 808 F.2d at 801 (explaining that "the time between entry of a plea and motion to withdraw the plea may be indicative of defendant's motivation" and that defendants should not be permitted "to use the guilty plea as a means of testing the weight of the potential sentence.").

The remaining Buckles factors do not support Damayo's argument; and because Damayo enjoyed close assistance of counsel and entered a knowing and voluntary plea, we need not give these factors considerable weight.  See Gonzalez-Mercado, 808 F.2d at 801.  Given the totality of the circumstances, the district court did not abuse its discretion in denying Damayo's motion to withdraw her plea.

AFFIRMED.