[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14536
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cr-60204-WJZ-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STACIE WEISMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 1, 2016)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Stacie Weisman appeals the district court's denial of her Federal Rule of

Civil Procedure 59(e) motion to alter or amend the district court's amended order

of forfeiture.  Weisman entered into a plea agreement, in which she agreed to

forfeit all assets listed in an attached exhibit ("Exhibit A"), which included jewelry. In a separate paragraph, the plea agreement stated that Weisman "further agrees to entry of a money judgment against her in the amount involved in the violation to which she is pleading guilty." After entering a preliminary judgment and order of forfeiture, the district court amended its order to require that the forfeited Exhibit A assets be turned over to a related bankruptcy estate and that the money judgment remain in place. On appeal, Weisman argues that the district court abused its discretion in denying her motion to amend its amended order of forfeiture because: (1) it was the intention of the parties and the unambiguous meaning of the plea agreement that the forfeited property would satisfy any money judgment against her; and (2) if the jewelry sold above its estimated value, allowing the government to retain the proceeds would result in an impermissible double recovery. After thorough review, we affirm.

We review the denial of a Rule 59(e) motion for abuse of discretion. Mincey v. Head, 206 F.3d 1106, 1135 (11th Cir. 2000). "[A]n abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or makes findings of fact that are clearly erroneous." Id. at 1137 n.69 (quotations and alterations omitted). The district court's factual findings regarding the scope of a plea agreement will be set aside

2

only if they are clearly erroneous.  United States v. Copeland, 381 F.3d 1101, 1105 (11th Cir. 2004).

In the context of a Federal Rule of Civil Procedure 60(b) motion, we've held that a defendant could not challenge a criminal forfeiture order under the Federal Rules of Civil Procedure because the judgment was not entered in a civil case. United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998).  However, ancillary proceedings to criminal forfeiture actions are civil in nature.  United States v. Gilbert, 244 F.3d 888, 906-07 (11th Cir. 2001), superseded by rule on other grounds as stated in United States v. Marion, 562 F.3d 1330, 1340-41 (11th Cir. 2009).  "Although a motion for reconsideration of a district court order in a criminal action is not expressly authorized by the Federal Rules of Criminal Procedure, the Supreme Court has held that the timely filing of such a motion in a criminal action tolls the time for filing a notice of appeal and the time begins to run anew following disposition of the motion."  United States v. Vicaria, 963 F.2d 1412, 1413-14 (11th Cir. 1992) (citing United States v. Dieter, 429 U.S. 6, 8-9 (1976)).

Under Rule 59(e), a party can file a motion to alter or amend a judgment within 28 days of the entry of judgment. Fed. R. Civ. P. 59(e).  The only grounds for granting a motion to alter or amend a judgment under Rule 59(e) are newly discovered evidence or manifest errors of law or fact.  Arthur v. King, 500 F.3d

3

1335, 1343 (11th Cir. 2007).  A motion to alter or amend a judgment may not be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."  Id. (quotation omitted).  It is not an abuse of discretion for the district court to deny a Rule 59(e) motion based on a new legal theory or arguments that should have been submitted prior to the initial judgment.  Mincey, 206 F.3d at 1137 n.69.  Moreover, new evidence can only be the basis for a successful Rule 59(e) motion if the evidence was unavailable at the time of the judgment.  Id.

"[W]hen a guilty plea has been induced by a promise or agreement of the government, such promise or agreement must be fulfilled."  United States v. Hauring, 790 F.2d 1570, 1571 (11th Cir. 1986); see also United States v. Harvey, 869 F.2d 1439, 1443 (11th Cir. 1989) (en banc) ("Due process requires the government to adhere to the terms of any plea bargain.").  To determine the meaning of any disputed terms in a plea agreement, a court applies an objective standard and determines whether the government's actions were inconsistent with the defendant's reasonable understanding when he pled guilty.  Copeland, 381 F.3d at 1105.  "The written agreement should be viewed against the background of the negotiations and should not be interpreted to directly contradict an oral understanding."  Id. (quotation omitted).  In this two-step process, the district court first considers whether the language in the plea agreement was ambiguous, and if

4

so, it considers extrinsic evidence. Id. at 1105-06. An ambiguous plea agreement must be read against the government. Id. If it is not ambiguous, the court will limit its interpretation to the clear meaning of the wording. Id. at 1105. Second, the court decides if it should enforce the agreement, in light of the fact that the validity of a guilty plea transaction ultimately depends on how voluntarily and intelligently the defendant entered his plea. Id. at 1106.

Here, the district court did not abuse its discretion in denying Weisman's motion to alter or amend its amended order of forfeiture.[1] For starters, the plea agreement's forfeiture provisions were not ambiguous and did not entitle Weisman to apply the value of the Exhibit A property to the money judgment, even if they sold for more than the estimated value. Paragraph 14 of the agreement stated that the Exhibit A property was to be forfeited, while paragraph 15 stated that Weisman further agreed to a money judgment in the amount involved in her laundering. The language shows that these provisions were not dependent on each other and the money judgment was in addition to the forfeiture. Plus, the agreement did not mention Weisman's ability to credit the Exhibit A property toward the money judgment, nor did it reference the value of the property in any way.

---

[1] Although it is unclear whether the district court would have had authority to grant relief in Weisman's criminal forfeiture action through the Federal Rules of Civil Procedure, it is unnecessary to address the issue. As we discuss above, even assuming the district court could grant Weisman such relief, a review of the record reveals that the district court did not abuse its discretion in denying Weisman's motion.

Moreover, viewing the agreement in context of the ongoing negotiations, it is clear that the Exhibit A assets were those assets connected to the criminal activity that had already been recovered by the government during the investigation. The money judgment, on the other hand, was intended to address those assets that were at the heart of Weisman's conviction -- namely, the missing assets that were sold by Weisman and others to prevent the government's seizure. Neither the missing property nor the proceeds from the sale of the missing property were recovered by the government, which meant that a money judgment was needed to recover the value. Indeed, at the plea colloquy, the district court recited the plea agreement's forfeiture provisions and there was no discussion of credit for forfeited assets or any set off. In short, any understanding Weisman had regarding credit for forfeited Exhibit A assets was not supported by the plea agreement, plea colloquy, or background information, and was thus not a reasonable interpretation.

As for her claim that the government's recovery would result in a double recovery, we are unpersuaded. The Exhibit A assets were separate from the assets represented by the money judgment. The plea agreement sought to recover the Exhibit A assets regardless of their value because they were seized during the investigation into the criminal activity of Scott Rothstein, Weisman, and the other co-defendants. The money judgment, however, was an estimate of the sales resulting from Weisman's laundering activity. Thus, the sale of the Exhibit A

6

assets, even above the estimated value, did not affect the estimated impact of Weisman's laundering.

**AFFIRMED**.