951 F.2d 1260
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Armando ACOSTA, Defendant-Appellant.
 No. 90-6266.
 United States Court of Appeals, Tenth Circuit.
 Dec. 13, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 The issues on appeal in this case are (1) whether, under Fed.R.Crim.P. 11, the district court sufficiently ascertained defendant Armando Acosta's understanding of the charges against him through colloquy between the judge and defendant about the factual underpinnings of the indictment, and (2) whether the district court committed reversible error when it used defendant's arrest for escape as one of two reasons for upward departure. We find no violation of Rule 11, but remand for resentencing.
 
 
 3
 First, defendant appeals denial of his motion to withdraw his guilty plea. Defendant was charged under a four-count indictment with conspiracy to distribute cocaine and to possess with intent to distribute cocaine, distribution of cocaine, and two counts of possession of cocaine with intent to distribute. It was alleged that on more than one occasion defendant purchased the drugs from a third party specifically for resale and, also on more than one occasion, sold them to an undercover agent. Defendant pleaded guilty to the conspiracy charges,[1] and the other three counts were dropped as part of a plea agreement. Because he pleaded guilty to the federal charges, related charges pending against him in state court were dropped. After the plea was entered, defendant submitted a motion to withdraw it. At the sentencing hearing, this motion was denied.
 
 
 4
 Defendant also appeals the court's upward departure because it was based in part on an untried arrest. Defendant's presentence report included information about his prior arrest for escape, a charge that subsequently was dismissed. Although defendant objected to its inclusion in the presentence report, the district court overruled his objection, stating that the court would not use the information for the purpose of sentencing. At sentencing, however, the court cited defendant's previous arrest for escape, as well as the fact that he had committed the charged offenses while he was awaiting trial on other charges as reasons for departing upward.
 
 
 5
 * As to the first issue on appeal, defendant submits that the district court's denial of his motion to withdraw his guilty plea was erroneous because the court did not follow the strictures of Fed.R.Crim.P. 11.[2] Defendant asserts that during the Rule 11 hearing the elements of conspiracy were not explained to him, and that he did not affirmatively enunciate an understanding of the conspiracy charge to which he pleaded guilty, as required by Rule 11(c)(1).
 
 
 6
 We review whether a district court has complied with Rule 11 before accepting a guilty plea de novo as a question of law. United States v. Gomez-Cuevas, 917 F.2d 1521, 1524 (10th Cir.1990) (citing United States v. Rhodes, 913 F.2d 839, 843 (10th Cir.1990), cert. denied, 111 S.Ct. 1079 (1991)). "[O]n appeal, the District Court's subsidiary factfinding in connection with plea-withdrawal motions based on Rule 11 violations will be set aside only for clear error, and, except for errors of law, its conclusions will be overturned only for 'demonstrable abuse of discretion.' " United States v. Allard, 926 F.2d 1237, 1245 (1st Cir.1991); see also United States v. Goldberg, 862 F.2d 101, 103 (6th Cir.1988) (district court has "broad discretion").
 
 
 7
 The provisions of [Rule 11] require the district judge, not someone else, before accepting a plea of guilty, to personally address the accused and determine "that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea." The rule further provides that "[t]he court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea." ... To satisfy the rule, the record must show that the trial judge personally asked the proper questions and received answers from the accused indicating his awareness of the charge against him and the consequences of his guilty plea. The judge may not assume from circumstances within his knowledge that the accused is fully aware of these conditions.
 
 
 8
 United States v. Thomas, 468 F.2d 422, 426 (10th Cir.1972) (citations omitted), cert. denied, 410 U.S. 935 (1973); accord Mack v. United States, 635 F.2d 20, 26 (1st Cir.1980).
 
 
 9
 In order to ascertain whether a defendant "understands" the charge against him, the court must tailor the Rule 11 hearing to account for the circumstances of the case: the complexity of the charge, the complexity of the factual underpinnings of the indictment, and the individual characteristics of the defendant that would enhance or detract from his comprehension of the tendered guilty plea and its implications. See Allard, 926 F.2d at 1245; Gomez-Cuevas, 917 F.2d at 1525; United States v. Darling, 766 F.2d 1095, 1098 (7th Cir.), cert. denied, 474 U.S. 1024 (1985); see also Fed.R.Crim.P. 11, Advisory Committee Notes to the 1974 Amendments.
 
 
 10
 At the Rule 11 hearing in the instant case, the charge was recited from the indictment ("conspiracy in violation of Title 21, U.S.Code Section 846"), and the prosecuting attorney stated the maximum penalties. The judge asked defendant: "[D]o you understand both the charges against you and the maximum penalty therefore?" III R.Supp. at 4. Defendant responded: "Yes, sir." Id. Later, after the judge recited a description of the rights defendant was waiving by pleading guilty, the judge asked:
 
 
 11
 Now, Mr. Acosta, understanding the nature of the charge and the effect and consequences of your plea, how do you plead to Count 1 of the indictment, guilty or not guilty?
 
 
 12
 MR. ACOSTA: Guilty.
 
 
 13
 THE COURT: All right. Do you understand that the Court must be satisfied that there is a factual basis for the plea of guilty before I can accept it; I've got to be satisfied that you did what you are pleading guilty to? Do you understand that?
 
 
 14
 MR. ACOSTA: Yes, sir.
 
 
 15
 THE COURT: Tell me what you did.
 
 
 16
 MR. ACOSTA: I conspired to sell cocaine.
 
 
 17
 THE COURT: All right. Was this the end of January, between January 31st and February the 19th of this year here in Oklahoma City?
 
 
 18
 MR. ACOSTA: Yes, sir; Your Honor, it is.
 
 
 19
 THE COURT: And tell me something about it. You said you conspired. Who did you conspire with?
 
 
 20
 MR. ACOSTA: D.E.A. Drug Enforcement Agent, Al Laurita.
 
 
 21
 THE COURT: Well, you sold him some drugs; right?
 
 
 22
 MR. ACOSTA: Yeah.
 
 
 23
 THE COURT: Were you working with someone else on this? Was somebody else involved? Mr. Mydans [prosecuting attorney], what information do you have?
 
 
 24
 MR. MYDANS: Maybe I will pose a couple of questions to Mr. Acosta. During the period of January 31st of 1990 until February 19th of 1990, did you sell some drugs to a D.E.A. Agent by the name of Al Laurita?
 
 
 25
 MR. ACOSTA: Yes.
 
 
 26
 MR. MYDANS: Is that the individual sitting right in the Courtroom right here?
 
 
 27
 MR. ACOSTA: Yes.
 
 
 28
 MR. MYDANS: Particularly, on February 1, 1990, did you sell him approximately two ounces of cocaine, approximately fifty-seven grams?
 
 
 29
 MR. ACOSTA: Yes, I did.
 
 
 30
 MR. MYDANS: All right. Was that for twenty-four hundred dollars in U.S. currency?
 
 
 31
 MR. ACOSTA: Yes.
 
 
 32
 MR. MYDANS: Had you gotten those drugs from some other person in order to sell them to Mr. Laurita?
 
 
 33
 MR. ACOSTA: Yes.
 
 
 34
 MR. MYDANS: Is that other person by the name of Margarito Garcia?
 
 
 35
 MR. ACOSTA: It is.
 
 
 36
 MR. MYDANS: You talked to Mr. Garcia on several occasions about getting the drugs?
 
 
 37
 MR. ACOSTA: Yes.
 
 
 38
 MR. MYDANS: Then would you talk on several occasions with Special Agent Laurita about selling him the drugs?
 
 
 39
 MR. ACOSTA: Yes.
 
 
 40
 MR. MYDANS: That's all I have, Your Honor.
 
 
 41
 THE COURT: Was this person aware that you were going to sell the drugs further, this Margarito, did [he] know why you were buying them from [him]?
 
 
 42
 ....
 
 
 43
 MR. ACOSTA: Margarito. Yes. He was aware I was getting drugs from him to sell it to somebody else.
 
 
 44
 THE COURT: All right. Did you do this knowingly and willfully; you knew what you were doing?
 
 
 45
 MR. ACOSTA: Yes.
 
 
 46
 THE COURT: Mr. Acosta, based upon your admissions, your demeanor and your clear and responsive answers to my questions, the Court finds: That there is a factual basis for [your] plea of guilty; That your plea of guilty is made voluntarily and with your understanding of the charges against you, and with your knowledge of the consequences of your plea.
 
 
 47
 Id. at 11-14.
 
 
 48
 Defendant argues that the transcript of the hearing does not indicate that he was informed of and understood the elements of the charge of conspiracy. The general rule is that improvident acceptance of a plea by the trial court without full compliance with Rule 11 requires that the guilty plea be vacated. McCarthy v. United States, 394 U.S. 459, 472 (1969); United States v. Keiswetter, 866 F.2d 1301, 1302 (10th Cir.1989) (en banc). If, however, the defendant shows sufficient understanding of the charge through colloquy with the judge about the factual underpinnings of the charge to satisfy the rule, the plea can be determined to have been properly accepted. United States v. Cusenza, 749 F.2d 473, 476 (7th Cir.1984) (defendant's understanding of the charge established by totality of circumstances); United States v. Coronado, 554 F.2d 166, 173 (9th Cir.), cert. denied, 434 U.S. 870 (1977); see also Fed.R.Crim.P. 11(h), Advisory Committee Notes for 1983 Amendments (satisfaction with the requirements of Rule 11 need not become ritualistic).
 
 
 49
 We look to the totality of the circumstances to determine whether the requirements of Rule 11 were satisfied under the unique circumstances of each case. See Cusenza, 749 F.2d at 476; Coronado, 554 F.2d at 173. Here, defendant was represented by an attorney. See Cusenza, 749 F.2d at 476. He is a relatively well-educated individual, having earned fifty-six hours of college credit. See United States v. Carter, 815 F.2d 827, 829 (1st Cir.1987) (conspiracy to possess with intent to distribute simple enough that high school educated person who says he understands charge should be believed). In the colloquy with the district court judge, defendant admitted that he possessed the drugs and sold them to an undercover agent. Also, he admitted that he repeatedly bought drugs from someone who knew he was obtaining them for resale to a third party.
 
 
 50
 In United States v. Coronado, 554 F.2d 166, 173 (9th Cir.), cert. denied, 434 U.S. 870 (1977), a case remarkably similar to the instant case, the Fifth Circuit set forth a detailed explanation of Rule 11(c)(1). The court concluded that a district court must vigorously examine a defendant to ascertain whether he understands the charge to which he is pleading guilty. The Coronado court, however, did not vacate the guilty plea tendered by the defendant, even though he had not explicitly demonstrated his understanding of the conspiracy charge against him:
 
 
 51
 We find no reversible error under the circumstances here, however, because the rule 11 proceeding on its face discloses, despite the trial court's failure sufficiently to make the required explication of the charges, that Coronado understood them.... The transcript as a whole makes clear that Coronado understood that the government intended to rely upon proof of these facts, and proof of these facts would have required Coronado's conviction. Coronado understood the proof that would be necessary to uphold the charges. He makes no claim that the facts discussed and admitted at the hearing do not establish his guilt.
 
 
 52
 Coronado, 554 F.2d at 173.
 
 
 53
 We come to a similar conclusion here.[3] Viewing the circumstances in their totality, the colloquy between defendant and the district court concerning the factual underpinnings of the charge establishes that defendant understood the charges to which he was pleading guilty. We decline to apply the words of Rule 11 so rigidly that their meaning in the context of the Rule 11 hearing is lost. We affirm the district court's denial of defendant's motion to withdraw his guilty plea.
 
 II
 
 54
 As to the second issue on appeal, defendant submits that the district court improperly used his arrest for escape as a basis for upward departure from the Sentencing Guidelines' recommended sentence. "We review the grounds stated for departure under the de novo standard, but accept factual findings supporting the departure unless clearly erroneous." United States v. Williams, 910 F.2d 1574, 1578 (7th Cir.1990), cert. granted, 111 S.Ct. 1305 (1991).
 
 
 55
 The court departed upward on the theory that defendant's criminal history was underrepresented in the calculations. The court cited defendant's arrest for escape and the fact that separate charges were pending against defendant at the time the charged offense was committed as the two bases for its upward departure.[4]
 
 
 56
 The Sentencing Guidelines specifically instruct that if the defendant is pending trial on another charge at the time of the "instant offense," his criminal history category may "not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3. Further, under those circumstances, "[a] departure under this provision is warranted when the criminal history category significantly under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit further crimes." Id. Thus the pending state charges against defendant provided a proper basis for upward departure.
 
 
 57
 The Guidelines, however, also specifically prohibit use of a defendant's arrest record as a basis for upward departure. U.S.S.G. § 4A1.3 ("a prior arrest record itself shall not be considered under § 4A1.3."). In Williams, the Seventh Circuit reasoned that "a district court may not rely solely upon an arrest record as the basis for an upward departure ... [because e]vidence based solely on police records of the arrest is not sufficient to satisfy the 'reliable information' requirement" of section 4A1.3 of the guidelines. 910 F.2d at 1579.
 
 
 58
 The district court did not err in overruling defendant's objection to mention of his arrest for escape in the presentence report. The information was pertinent to his correctional program. See United States v. Graves, 785 F.2d 870, 875 (10th Cir.1986). The charge of escape, however, was mentioned only in the presentence report and was not supported by any independent evidence. A dismissed charge can be used as a basis for upward departure, but only if the district court has independent evidence of the conduct of the defendant corroborating the accuracy of the presentence report. Cf. Williams, 910 F.2d at 1580 ("The determination that the arrests indicated similar criminal conduct must be based on facts apart from the arrest record itself and articulated as such by the district court."). Thus, the court's use of defendant's arrest for escape as grounds for upward departure was erroneous. Additionally, the court specifically stated that it would not use the arrest records "for the purpose of the guidelines or for sentencing." II R. 10.
 
 
 59
 In this circuit, "[w]hen one of two or more stated reasons for departure is invalid, the case must be remanded for resentencing because the reviewing court cannot determine whether the same departure would have resulted absent the improper factor." United States v. Zamarripa, 905 F.2d 337, 342 (10th Cir.1990). Under the Zamarripa decision, this case must be remanded to the district court for resentencing.[5]
 
 
 60
 The order of the district court rejecting defendant's motion to withdraw his guilty plea is AFFIRMED. Defendant's sentence is VACATED, and this matter is REMANDED to the district court for resentencing.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 One cannot be guilty of conspiring with an undercover agent. Montgomery v. United States, 853 F.2d 83, 85 (2d Cir.1988); accord United States v. Rodriguez, 765 F.2d 1546, 1552 (11th Cir.1985). The conspiracy charge against defendant was predicated on his conspiracy with the third party, from whom he bought the cocaine, for the purchase, possession, and resale of the drugs
 
 
 [2]
 The pertinent portions of Rule 11 provide:
 (c) Advice to Defendant. Before accepting a plea of guilty ..., the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
 (1) the nature of the charge to which the plea is offered,....
 (f) Determining Accuracy of Plea. Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.
 
 
 [3]
 Coronado was decided under Rule 11 as it existed before the 1975 amendments which added more specific language on the required litany in taking a guilty plea. The opinion in Coronado posed the question whether that particular transcript would pass muster under the amended rule. See 554 F.2d at 169 n. 2, 174 n. 12. The more recent cases, e.g., Carter and Cusenza, contain reasoning similar to Coronado and hence support its result as applied under the amended Rule 11
 
 
 [4]
 The court stated:
 Frankly, after reviewing the presentence report, I'm just satisfied that the criminal history category in which you're placed, that being a three, does not adequately reflect your criminal history.
 Specifically, in 1984, you escaped from the Brewster County Jail where you were in custody on a charge of possession of heroin. You were never convicted of that. So, the criminal history points don't reflect that escape.
 However, I don't think there's any issue, in fact, that did occur.
 And, therefore, I'm going to depart upwards. And if that were considered as a conviction, that escape, it would move you into a category 4.
 ....
 Another consideration that I consider in imposing sentence is the fact that at the time that you committed the offense for which you have entered a plea of guilty for which you are being sentenced today, you had other charges pending.
 You had charges pending in Oklahoma County for possession of cocaine and possession of drug paraphernalia. These charges were filed on November 27, 1989.
 I'm satisfied this aggravates your involvement in the present offense.
 II R. at 14-15.
 
 
 [5]
 We reject the government's suggestion that we "reconsider" the holding in Zamarripa. A three-judge panel may not overrule a previous opinion of this court. United States v. Spedalieri, 910 F.2d 707, 710 n. 3 (10th Cir.1990); Huffman v. Caterpillar Tractor Co., 908 F.2d 1470, 1481 (10th Cir.1990); see also United States v. Berryhill, 880 F.2d 275, 277 (10th Cir.1989) (" 'a court of appeals panel may not disregard binding precedent absent an intervening Supreme Court or en banc circuit decision.' " (citation omitted)), cert. denied, 110 S.Ct. 853 (1990)