43 F.3d 1484
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Armando ACOSTA, Defendant-Appellant.
 No. 94-6156.
 United States Court of Appeals, Tenth Circuit.
 Dec. 14, 1994.
 
 Before TACHA, BRORBY, and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App. P.34(f); 10th Cir. R.34.1.9. The case is therefore ordered submitted without oral argument.
 
 BACKGROUND
 
 2
 Defendant Armando Acosta ("Defendant") was originally sentenced on August 2, 1990 to a 51 month term of imprisonment on one count of a narcotics violation, with a three year term of supervised release to follow his release from custody. After appealing to this Court, the sentence was vacated, and the case was remanded for resentencing. United States v. Acosta, No. 90-6266, 1991 WL 268797 (10th Cir. Dec. 13, 1991) (unpublished disposition). On remand, Defendant was sentenced to a 41 month term and was ordered to a three year term of supervised release with a special condition that he undergo regular drug tests.
 
 
 3
 On April 14, 1994, during the term of his supervised release, Defendant's supervising United States Probation Officer filed an Amended Petition alleging that Defendant had violated the terms of his supervised release. Specifically, the Petition alleged that Defendant tested positive for cocaine usage on March 17, 1994, and March 28, 1994, as well as failed to attend a group counseling session on March 31, 1994. Defendant stipulated to these allegations at a revocation hearing on April 15, 1994 and the district court made findings that Defendant had violated the terms of his supervised release. Upon inquiry by the court, defense counsel agreed that, based on the Sentencing Reform Act of 1984, the term of the sentence should range from a minimum of 12 months to a maximum of 36 months. The district court then sentenced the defendant to a 13 month sentence in prison. Pursuant to Fed. R.App. P. 4(b), Defendant timely filed this appeal.
 
 DISCUSSION
 
 4
 Pursuant to Anders v. California, 386 U.S. 738 (1967), Defendant's counsel now argues that the district court erred in its factual findings and misapplied the relevant provision of the Sentencing Reform Act of 1984 ("the Act"), 18 U.S.C. 3583(g), in determining Defendant's sentence. Defendant contends that: (1) the court's finding that he possessed cocaine was in error; (2) the court erred by applying the provisions of the Act rather than the United States Sentencing Guidelines ("the Guidelines"); and (3) that the court failed to reduce Defendant's sentence for time served in a halfway house.
 
 
 5
 We review Defendant's challenge to the court's finding that Defendant possessed cocaine to determine if it was clearly erroneous. United States v. Hall, 984 F.2d 387, 390 (10th Cir.), cert. denied, 113 S.Ct. 2942 (1993). Given that defendant presents no support for this challenge and stipulated to this fact, we cannot disturb this finding of the district court.
 
 
 6
 While we ordinarily review the applicability of the Act to a defendant's sentence de novo, United States v. Rockwell, 984 F.2d 1112, 1114 (10th Cir.) cert. denied, 113 S.Ct. 2945 (1993), we use a plain error standard to consider Defendant's argument that the Guidelines rather than the Act should have been applied because Defendant did not raise this issue at the sentencing hearing.[2] See United States v. Mitchell, 783 F.2d 971, 975-77 (10th Cir.), cert. denied, 479 U.S. 860 (1986).
 
 
 7
 The Act specifically defines the consequences of possessing controlled substances during the period of supervised release; in relevant part, the Act provides that:
 
 
 8
 If the defendant is found by the court to be in the possession of a controlled substance, the court shall terminate the term of supervised release and require the defendant to serve in prison not less than one-third of the term of supervised release.
 
 
 9
 18 U.S.C. 3583(g). However, Defendant contends that he should have been sentenced under the Guidelines for a Class C violation with a Criminal History Category III, which would only require the imposition of a sentence of five to eleven months. This argument, supported by no authority, is directly contradicted by this Court's previous explanation that if the statutory provision of the Act applies, then it controls over the Guidelines. Rockwell, 984 F.2d at 1114 n. 2. This case, involving a violation of 3583(g), is clearly governed by that statutory provision and not the Guidelines; hence, the failure to sentence Defendant under the Guidelines rather than the statute cannot constitute plain error.
 
 
 10
 Finally, Defendant argues that his earlier postrelease supervised 120 day stay at the Oklahoma Halfway House should be credited against the 13 month sentence imposed for violating 3583(g). This claim is also without merit as 18 U.S.C. 3583(e)(3) provides that the court may "revoke a term of supervised release, and require the person to serve in prison all or part of the term of supervised release without credit for time previously served on postrelease supervision...."
 
 CONCLUSION
 
 11
 For the reasons outlined above, this Court must reject each of Defendants arguments. Hence, we AFFIRM the decision of the district court. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Defense counsel did bring this matter to the court's attention, but only in a plea for leniency and not in a request to be sentenced pursuant to this provision. See Hearing on Revocation, R.O.A. Vol II, at 5