[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14924
Non-Argument Calendar
_____

D.C. Docket No. 9:16-cr-80089-KAM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ESTIL GEDEON,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 24, 2018)

Before TJOFLAT, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Estil Gedeon appeals his conviction for possession of a firearm in furtherance of a drug-trafficking crime. 18 U.S.C. § 924(c)(1)(A). Gedeon contends the district court abused its discretion by denying his renewed motion to withdraw his guilty plea without providing an evidentiary hearing. After review,[1] we affirm.

At Gedeon's change-of-plea hearing, the district court conducted a thorough inquiry under Rule 11. In response to the district court's questions, Gedeon testified: (1) he read the indictment; (2) he fully and completely discussed the indictment with his attorney; (3) he fully and completely understood the charges against him; (4) he discussed with his attorney the evidence against him; (5) he discussed with his attorney any defenses he might have to the charges; (6) there was nothing else he believed his attorney should have done to defend him; (7) he was satisfied he received competent representation from his attorney; (8) he read the plea agreement; (9) he discussed the plea agreement fully and completely with his attorney; (10) he fully and completely understood all of the plea agreement's terms and provisions; (11) he signed the plea agreement after having read, understood, and discussed it with his attorney; (12) he signed the plea agreement

---

[1] We review a district court's decision to deny a defendant's motion to withdraw a guilty plea for abuse of discretion and will reverse only if the denial was "arbitrary or unreasonable." *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006). We also review a district court's refusal to conduct an evidentiary hearing on a motion to withdraw a guilty plea for abuse of discretion. *Id.*

2

freely and voluntarily; (13) he was changing his plea freely and voluntarily; (14) he understood there was a mandatory minimum sentence of five years' imprisonment; (15) no one made any promises or representations to him outside of the plea agreement; (16) he read the factual proffer detailing the facts alleged against him; (17) he discussed the factual proffer fully and completely with his attorney; (18) he understood all of the facts set forth in the factual proffer; (19) the facts set forth in the factual proffer were true and correct; and (20) the facts in the factual proffer met all elements of the offense to which he was pleading guilty. Based on Gedeon's testimony, the district court accepted his guilty plea as knowing and voluntary.

Two months later, Gedeon changed his mind and informed the district court he intended to withdraw his guilty plea. After the motion to withdraw the plea was filed, despite Gedeon's clear and unequivocal testimony at the Rule 11 hearing, the district court held an evidentiary hearing and allowed Gedeon to supplement his testimony in support of his motion to withdraw the guilty plea. At that hearing, Gedeon contradicted his previous sworn testimony, asserting that his guilty plea was not knowing and voluntary because it was based solely on his belief that he had little chance of succeeding at trial. Gedeon further suggested his counsel was deficient because he should have filed more motions on Gedeon's behalf. When pressed to identify what motions should have been filed, Gedeon could not recall

any.  But he testified, "I know that [my attorney] could have filed more motions than what he did."

The district court was unconvinced.  It denied Gedeon's motion to withdraw his guilty plea and reaffirmed its conclusion that Gedeon's guilty plea was made knowingly and voluntarily.  Gedeon, however, was undeterred.   He sought and received new counsel, who then filed a renewed motion to withdraw the guilty plea, this time contending that Gedeon never received close assistance of counsel.

The district court denied the renewed motion—without granting an additional evidentiary hearing—on the basis that the new issues Gedeon raised could, and should, have been raised in connection with his original motion to withdraw the guilty plea.  Moreover, the district court noted that at least a portion of the new facts proffered by Gedeon were inconsistent with his prior representations to the court.

Under our precedent, the district court was well within its discretion to rely on Gedeon's sworn testimony at the change-of-plea hearing and reject his later attempts to contradict that testimony.  *See United States v. Stitzer*, 785 F.2d 1506, 1514 n.4 (11th Cir. 1986) ("[I]f the Rule 11 plea taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely." (citing *United States v. Barrett*, 514 F.2d 1241, 1243 (5th Cir. 1975)[2]).  Moreover,

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this

4

the district court provided Gedeon an evidentiary hearing at which he could present any evidence he wished in support of withdrawing his guilty plea. Gedeon's testimony at that hearing suggested he simply changed his mind about pleading guilty, and he felt his attorney should have filed more unspecified motions on his behalf.

Based on Gedeon's testimony, the district court did not abuse its discretion by concluding both that Gedeon was provided the close assistance of counsel and that he pleaded guilty knowingly and voluntarily. The district court also did not abuse its discretion by denying Gedeon an *additional* evidentiary hearing, which would provide Gedeon a second chance to contradict the clear and unequivocal testimony he gave at his change-of-plea hearing. *See id.* at 1514 ("In light of the extensive Rule 11 inquiries which the trial court made before accepting appellant's plea, we do not believe that its refusal to conduct an evidentiary hearing amounts to an abuse of discretion.").

**AFFIRMED**.

---

Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.